## B. DOTY, ET AL., *v.* COMMONWEALTH.

Criminal Law—Indorsement of Indictment—Statute Directory Only.
The failure to indorse on an indictment the names of the witnesses examined before the grand jury is no sufficient ground for dismissing the charge. The statute requiring such indorsement is directory only.

Instructions.
An instruction in a case where the defendant was charged with suffering a named person, and others whose names were unknown to the grand jury, to drink and tipple in defendant's tavern-house and on his premises more than was necessary, was held misleading which charges that if any of the persons named had been seen in defendant's tavern drunk or in a state of intoxication the law presumes that they were made so by drinking and tippling at defendant's bar, and they should find him guilty unless they should further believe from all the proof that they obtained the liquor and drinks from other places, and if they shall so believe they should acquit. It is not incumbent on the defendant to prove where persons drunk in his house got the liquor which caused their intoxication in order to escape the prima facie presumption that it was drunk in his house. It is enough if he proves that they did not get it or drink it in his house.

APPEAL FROM OWEN CRIMINAL COURT.

September 14, 1877.

OPINION BY JUDGE COFER:

In the case of the commonwealth against Wainscott, we said, in substance, that if the names of the witnesses examined before the grand jury, and on whose evidence the indictment was found, were not indorsed at the foot of the indictment as required by Sec. 119, Crim. Code of 1854, and the attorney for the commonwealth failed upon motion to dismiss the indictment to so indorse them the indictment should be dismissed.

In that case the attorney had offered to indorse the name of one or more witnesses, but the court refused to allow it to be done and dismissed the indictment because the names of the witnesses had not

been indorsed before the indictment was returned into court. So much of the opinion as directed the indictment to be dismissed if the names of the witnesses were not indorsed was mere dictum, and upon further consideration we are satisfied was erroneous.

The statute does not provide that the omission of the names of the witnesses shall be ground for dismissing the indictment. The only object intended to be accomplished by the indorsement was to enable the defendant and the commonwealth's attorney to know who were the witnesses.

The commonwealth is not restricted to the witnesses thus named, nor is it bound to call or examine them on the trial. It seems to us, therefore, that the statute is merely directory, and that the defendant can not take advantage of the omission further than to require the attorney for the commonwealth to place on the indictment the names of such witnesses as he may know were examined before the grand jury. If witnesses are introduced without previous notice to the defendant and he can show that in consequence of not having been informed that such persons would be introduced he was not prepared to proceed with the trial, he would doubtless be entitled to a continuance, and would be thus protected against injustice resulting from the omission to enter the names of the witnesses on the indictment.

The objections urged to the indictment are numerous, and to discuss each in detail would extend this opinion too much. The indictment is in the usual form, and after considering each of the objections taken to it we are of the opinion that none of them are available.

The defendant's counsel asked the court to instruct, in substance, that he could not be convicted unless it had been proved that W. H. Conder had been permitted to drink or tipple in the tavernhouse or on the premises thereof more than was necessary; but the court refused, and instructed that if Conder, or either of three other persons named in the instruction, had been suffered to so drink or tipple they should find the defendant guilty.

The indictment charged that the defendant did suffer W. H. Conder and divers other persons whose names were unknown to the grand jury to drink and tipple in his said tavern-house, and on his said tavern premises, more than was necessary. There was direct evidence that two of the four persons named in the instruction had been suffered to drink at the defendant's tavern bar while drunk, and that another had been seen drunk in the barroom; but there was no evi-

dence even conducing to prove that Mefford, one of the four persons named, had been suffered to drink in the house or on the premises while drunk, or that he had been seen there drunk.

The commonwealth was not restricted to proof that Conder had been suffered to drink or tipple more than was necessary, but had a right to prove that any other person had been suffered to do so, and there was no error in refusing to give the instruction asked for the defendant. But we incline to the opinion that the mention of Mefford's name in the instruction was misleading, there being no evidence even conducing to prove that he had been suffered to drink or tipple more than was necessary.

The court also instructed the jury that, if any of the persons named in the instruction had been seen in the defendant's tavern house "drunk or in a state of intoxication," the law presumes that they were made so by drinking and tippling at defendant's bar and in his said tavern, and they should find him guilty, unless they shall further believe from all the proof that they obtained the liquor and drinks from some other place, and if they shall so believe they should acquit.

This instruction was intended to be based on Sec. 2, Art. 4, Chap. 106, Gen. Stat., which reads as follows, viz.: "On a trial for suffering a person to tipple or drink more than necessary in a tavern or coffee-house, the fact that such person was in such tavern or coffee-house, in a state of intoxication, shall be prima facie evidence that he was suffered to be come so by tippling or drinking at that place."

The first clause of that part of the instruction quoted, supra, was correct, but the latter clause may have mislead the jury. Although when closely scrutinized the language used may not impose on the defendant the duty of proving where a person who was drunk in his house obtained the liquor which produced his intoxication, it may have been so understood by the jury.

It is not in strictness incumbent on the defendant to prove where persons drunk in his house got the liquor which caused their intoxication, in order to escape the prima facie presumption that it was drunk in his house. It is enough if he proves that they did not get it or drink it in his house or on his premises. It would have been more appropriate to say "unless they shall further believe from the evidence that they were not suffered to drink to intoxication in the tavern house or on the premises of the defendant."

After the jury had retired to consider their verdict, they returned and stated to the court that they desired to ask one of the

witnesses whether he had stated that he drank whisky at defendant's house while he was drunk. The witness answered that he did not remember that the question was asked him. The court said the question was asked, and the witness then said if the question was asked he answered in the affirmative. To that remark of the court the defendant excepted.

While we might not feel bound to reverse for that alone, we are of the opinion that the court should have left the witness and the jury to rely upon their own memories in regard to the matter, and when the witness said he did not recollect whether the question had been asked, which implied that he did not remember whether he had made the statement inquired about by the jury, they should have been directed to retire, and left to act upon their recollection.

For the errors indicated the judgment is *reversed* and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*J. D. Lillard, for appellants.    Moss, for appellee.*